```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| SANDRA B. TOODLE, | CIVIL ACTION NO. 06-4578 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| JENNIFER BUSH, et al., |  |
| Defendants. |  |

**THE PLAINTIFF PRO SE** applies for in-forma-pauperis relief under 28 U.S.C. § 1915 ("Application") in this action brought against the defendants, Jennifer Bush (who the plaintiff identifies as "President Bush's oldest sister"), Mary Holifield Potts, James E. Ward, Geraldine Turner Jones, Josephine Jones, Judge O.E. Schlatter, Judge Fernando J. Gaitan, and Justice Sandra Day O'Connor. (Compl., at 1-2.) The Magistrate Judge, in an order filed October 18, 2006, has already denied the plaintiff's motion for appointment of counsel ("Counsel Order"). (Dkt. entry no. 4.) The Court will address the Application before reviewing the complaint. See Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990).

**APPLICATION**

The plaintiff asserts that she is unemployed, has $200 in savings, receives $578 a month in Social Security payments, and owns nothing of value. (App., at 1-2.) The Court will grant the Application.

**COMPLAINT**

The Court may direct sua sponte that a complaint be dismissed if it is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court must construe a pro se complaint liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court also must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). But the Court need not credit a plaintiff's bald assertions or legal conclusions. Id. A complaint is frivolous if it lacks an arguable basis in law or fact, or contains "inarguable legal conclusion[s]" or "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 325, 328 (1989).

The plaintiff, according to Westlaw's "Dockets" library, has initiated over sixty actions in various federal district courts since 1993 naming, among others, President George W. Bush, First Lady Laura Bush, former First Lady Barbara Bush, Queen Elizabeth II of Great Britain, Prince Charles of Wales, former President William J. Clinton, several federal judges, several federal agencies, and — it would appear — all of the defendants named in this action. She also has initiated over fifteen appeals in

2

various Courts of Appeals and the United States Supreme Court.[1]
In her handwritten complaint here, she states:

> I and my family settlements and money from my bank
> accounts were entrusted to these defendants who will not
> pay bills for us, set up bank accounts for us, nor will
> they buy homes for us with our injury settlement money.

(Compl., at 1 (as stated in original).)  She asserts that the defendants were "entrusted with" and "given the settlement[s]" from federal court actions that have been adjudicated before the Unites States Supreme Court, the Western District of Missouri, and the District of Colorado.  (Id.)  She asserts further:

> I was misrepresented in all cases.  I'm living in the
> rescue mission in Trenton, presently, and without a home.
> So are some of the other plaintiffs.  My brothers live
> [in] Mobile, Ala.  Last I heard their home was still in
> the condition Hurricane Katrina left it.  Grandma
> Claudia, my grandkids, daughters, and family is still
> being bothered by these individuals that were molesting
> them, pretending to be health care officials, also.

(Id. (as stated in original).)  She alleges that the Court has jurisdiction based on "health care fraud" and "involuntary servitude, U.S. Constitution, Amendment 13."  (Id. at 3.)  She states, in her "cause of action," that she and her family were placed in a government facility:

> wherein we were raped and used for pornography.  Web
> sites have been set up where people apply and get paid
> when we don't have food sometimes, and I'm without a
> home.  One was set up by ex U.S. Attorney General, John

---

[1]  See www.westlaw.com (entering term "Sandra w/2 Toodle" in participant category in "Dockets - State & Federal Courts Combined" library).

> Ashcroft, the American Civil Liberties Union of Los Angeles, Ca., and Attorney Geraldine Turner Jones. They were place at [certain apartments]. They were paid $1,000 for applying and were given free condos. Each time they kept the settlements for themselves and left us in poverty. There is another, I'm told.

(Id. at 4.) She requests for relief, among other things, fifty million dollars. (Id. at 5.)

The plaintiff's allegations are "delusional, irrational, [and] wholly incredible." Hines v. United States, 166 Fed.Appx. 610, 611 (3d Cir. 2006) (dismissing as frivolous an appeal from order dismissing complaint wherein plaintiff claimed United States, Federal Bureau of Investigation, and others tortured him); see Caesar v. Megamillion Biggame Lottery, No. 06-1055, 2006 WL 2374289, at *1 (3d Cir., Aug. 16, 2006) (affirming judgment dismissing complaint wherein plaintiff made "fantastic" allegations of "vast" and "complicat[ed]" conspiracy to steal winning lottery tickets), petition for cert. filed, 75 U.S.L.W. 3286 (Nov. 13, 2006). The allegations also appear to be abusive or retaliatory in nature, and thus are "malicious." See Concepcion v. Resnik, 143 Fed.Appx. 422, 426 (3d Cir. 2005), cert. denied, 126 S.Ct. 1420 (2006).

## LOCAL CIVIL RULE 10.1(a)

The Clerk of the Court mailed a copy of the Counsel Order to the address provided by the plaintiff. (Dkt. entry no. 4.) The United States Postal Service returned that mail to the Court on

November 2, 2006, with the notation "Return to Sender. Attempted. Not Known. Unable To Forward." (Dkt. entry no. 5.) The plaintiff has since failed to contact the Court.

Litigants, pursuant to Local Civil Rule 10.1(a), must inform the Court of (1) their address, and (2) any changes in the same within five days. The plaintiff has failed to comply with this basic requirement. The Court is authorized to impose harsh penalties when enforcing the Local Civil Rules, and thus may dismiss a complaint when a plaintiff fails to comply with Local Civil Rule 10.1(a). See Kabacinski v. Bostrom Seating, 98 Fed.Appx. 78, 82 n.3 (3d Cir. 2004), United States v. 11 Vehs., Their Equip. & Accessories, 200 F.3d 203, 214 (3d Cir. 2000).

## CONCLUSION

The Court will dismiss the complaint, and designate the action as closed, because (1) the complaint is frivolous and fails to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B), and (2) the plaintiff has failed to comply with Local Civil Rule 10.1(a). The Court will issue an appropriate order and judgment.[2]

                                                    s/ Mary L. Cooper
                                                  **MARY L. COOPER**
                                                  United States District Judge

---

[2] The Court will not engage in any further analysis here. However, the claims against the defendant judges appear to be barred by the absolute-immunity doctrine. Also, all of the claims appear to be barred by res judicata and collateral estoppel.